HORACE HAVEMEYER ET AL., Complainants,

*v.*

RAMON ABOY, JR., AND J. W. BONNER, AS TREAS-
URER OF PORTO RICO, Dfts.

San Juan, Equity, No. 1195.

Opinion filed April 17, 1924.

*Mr. O. B. Frazer* and *Mr. Nelson Gammans* for complain-
ants.

*Honorable H. P. Coats,* Attorney General of Porto Rico, and
*Honorable J. Lopez Acosta,* Assistant Attorney General of
Porto Rico, for defendants.

ODLIN, Judge, delivered the following opinion:

On January 4, 1924 [ante, 265], during the present term of
this court an order and opinion was signed by the present judge,

by which there was dissolved the temporary injunction which had been issued against Ramon Aboy, Jr., who was the treasurer of Porto Rico and the sole defendant when the bill was originally filed. Previous, however, to January 4, 1924, Ramon Aboy, Jr., had resigned his position as treasurer of Porto Rico and he had been succeeded by the Honorable J. W. Bonner, who departed this life on January 12, 1924, and the present treasurer of Porto Rico is the Honorable Juan G. Gallardo, who is not a party to this proceeding.

It was believed by all the counsel in the case that when Ramon Aboy, Jr., resigned, the parties could by stipulation keep this suit alive by introducing his successor, the Honorable J. W. Bonner, as a defendant. This court accepted the substitution or the addition of the name of Judge Bonner as defendant in his capacity as treasurer of Porto Rico; and by reason of two decisions by the United States circuit court of appeals at Boston [Veita v. Fortuna Estates], one of which is reported in 153 C. C. A. 182, 240 Fed. 256, and the later case [Porto Rico v. Russell], being reported in 268 Fed. 723, this court entertained a doubt on January 4, 1924, as to the existence of jurisdiction upon the merits, and by reason of such doubt this court held that jurisdiction should be declined. Therefore, the order of January 4, 1924, provided that the bill should be dismissed and the temporary injunction dissolved. Nothing was said about costs.

Later counsel for the complainants presented a motion to this court asking for a new order herein, setting aside the previous order entered on January 4, 1924, and that a new decree be entered declaring that the original suit abated at the time of the resignation of Mr. Aboy; and there has also arisen the

question as to the proper action to be taken by this court on the matter of costs. Furthermore, counsel for the complainants ask this court to direct the cancelation of the bond which had been furnished by the complainants in order to obtain the preliminary injunction.

To this present motion an answer has been filed by the attorney general of Porto Rico, in which he admits that the original case against Mr. Aboy did abate upon his resignation as treasurer, and that, even though the substitution of Judge Bonner as the defendant was done by consent, the suit did not actually survive. In this answer filed by the attorney general he consents to the cancelation of the injunction bond, and also admits that the complainants have a right to bring a fresh action against the present treasurer, if they so desire, but he objects to the imposition of costs, and asks that the cancelation of the bond be conditioned upon the complainants paying the costs of the defendant in this proceeding, or that the amount thereof be deposited in the office of the clerk of this court.

After an examination of the authorities, the conclusion has been reached that this proceeding did abate with the resignation of Mr. Aboy and that the substitution of Judge Bonner as defendant in place of Mr. Aboy, even though done by consent, did not operate to keep this proceeding alive. It seems to me that the injunction bond which had been given by the complainants at the time that they obtained the temporary injunction was canceled automatically when Mr. Aboy resigned. I have been unable to find any authorities empowering a court of equity to impose costs when a bill is dismissed by reason of the fact that the court loses jurisdiction over the defendant while the latter is a public officer and he dies or resigns, there being

no provision in the local statutes for a revival of the suit by the substitution of his successor. The rule is different as to a suit brought against a Federal official, but this has never been extended by Congress to that class of cases involving proceedings against state officials. It is also of course common sense that these complainants ought not to suffer because of the resignation of Mr. Aboy, for which they were in no way responsible.

It therefore seems to me that the only proper action for me to take in connection with this matter is to hold that the bond given by the complainants when they obtained their temporary injunction was automatically canceled when the suit abated by the resignation of Mr. Aboy, and also that it is not within the power of this court to impose costs against either party.

To this order and opinion counsel for the complainants and counsel for the defendants both except.

Done and Ordered in open court at San Juan, Porto Rico, this 17th day of April, 1924.